IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM RODRIGUEZ-OLALDE,

      Petitioner,

v.                                       Civ. No. 20-1102 KG-GJF

UNITED STATES OF AMERICA,

      Respondent.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on the Motion For Injunctive/Emergency Relief and Motion To Set Aside Removal Order And Request For Release.   (Docs. 1, 2) (the "Motions").   Petitioner asks the Court to vacate and reverse the order directing his removal to Mexico.   Having reviewed the record and applicable law, the Court will dismiss the Motions without prejudice.

I.   <u>Background</u>

On November 27, 2019, Petitioner pled guilty to Re-entry of a Removed Alien in violation of 8 U.S.C. §§ 1326(a), (b).   (CR Doc. 14) in 19-cr-4398 KG.   The Court (Hon. James Parker) sentenced him to 18 months imprisonment.   (CR Doc. 22) in 19-cr-4398 KG ("Judgment").   The Motions reflect Petitioner was scheduled to be removed from the United States of October 27, 2020.   (Doc. 1) at 1. He was detained at the Luna County Detention Center ("LCDC") after entry of the criminal Judgment, but before his removal.   *Id.*

In late October, Petitioner mailed the Motions through his purported Next Friend, Guillermo Garcia.   The Clerk's Office accepted the Motions for docketing on October 27, 2020.   The LCDC inmate locator website reflects he was released from custody that same day.   *See* http://www.lunacountynm.us/departments/detention_center/inmate_services.php.   Accordingly,

the Court directed Petitioner to show cause why the Motions are not moot.   (Doc. 3) ("OSC").

The OSC was initially returned as deliverable.   (Doc. 4).   Petitioner's Next Friend then sought

an extension of the show-cause deadline and filed a Notice of Change of Address.   (Docs. 5, 6).

It was not clear whether the Notice reflects Petitioner's current location, or whether he is

still in the United States.   The Court set a new show-cause deadline and directed Petitioner to

address:

(1) Whether this proceeding is moot, based on Petitioner's release from custody;

(2) Whether Petitioner is still in the United States, and whether the Notice reflects the

location of his next friend, Mr. Garcia.

(3) Whether any move divests this Court of jurisdiction.

(Doc. 8) at 1-2.   The Court mailed the Second Order to Petitioner at the California address listed

in the Notice and to the address provided by his purported Next Friend.   The Second Order warned

that the failure to timely respond and/or overcome any defects relating to jurisdiction and mootness

would result in dismissal of this action without further notice.

Petitioner, through his Next Friend, filed responses acknowledging Petitioner was removed

to Mexico on October 28, 2020.   (Doc. 9) at 2; (Doc. 10) at 2.   However, he argues the Motions

are not moot because:

(1)   He filed them while in custody, and they therefore meet the requirements of 28 U.S.C.

§ 2241;

(2) He also seeks 28 U.S.C. § 2255 relief from the underlying reentry conviction, which

has continuing collateral consequences including stress and injuries sustained in prison;

(3) His application for U Nonimmigration Status ("U Visa") is still pending, and he is

2

entitled to relief under former Section 212(c) of the Immigration and Nationality Act (waiver for permanent residents rendered removable by a criminal conviction) and 8 U.S.C. § 1226(c) (detention of criminal aliens); and

(4) The Mexican Cartel poses a significant threat to Petitioner, who is in hiding.

(Doc. 10) at 1-6.   Petitioner asks this Court to vacate the removal order and grant his U Visa application so that he can return to the United States.   *Id.* at 5-6.   His responses attach U-Visa documentation, to effectuate this request.   *Id.* at 8-21; *see also* (Doc. 11) at 3-12.   The matter is fully briefed and ready for initial review.   The Court will define the scope of this proceeding before addressing Petitioner's claims and Mr. Garcia's continued status as his Next Friend.

II.   Discussion

A.   *Scope of Proceeding*

Petitioner filed the Motions while detained at LCDC.   He requested an emergency release from custody and/or an order terminating the removal proceedings.   The Clerk's Office opened the case as a habeas proceeding under 28 U.S.C. § 2241.   Section 2241 is the proper avenue for alien detainees to challenge present custody and/or seek an immediate release.   *See McIntosh v. U.S. Parole Comm'n,* 115 F.3d 809, 812 (10th Cir. 1997) (a Section 2241 action challenges "the fact or duration of a prisoner's confinement and seeks the remedy of immediate release"); *Thoung v. United States*, 913 F.3d 999, 1001 (10th Cir. 2019) ("[A] person subject to removal is 'in custody' for … purposes" of Section 2241).   After his release and removal, Petitioner clarified that he seeks habeas relief under 28 U.S.C. §§ 2241 and 2255 along with immigration relief under various federal statutes and regulations.   (Doc. 10) at 1-6.

It is clear from the filings that Petitioner's primary objectives are to vacate the removal

order and legally reenter the United States.   The Court will therefore limit its review to whether relief is still available under Section 2241, since he was in custody at the time of filing, and whether this Court has jurisdiction to grant immigration relief.   The Court declines to consider any Section 2255 challenges to the underlying conviction for Re-entry of a Removed Alien.   Vacating that conviction will not allow Petitioner to reenter the United States, as he appears to believe.   Moreover, Section 2255 claims are distinct from Section 2241 claims and must be brought in a separate proceeding.   *See McIntosh,* 115 F.3d at 812 (describing the differences between Section 2241 actions and Section 2255 actions).   Petitioner may file a separate Section 2255 action on or before October 2, 2021, when the one-year limitation period expires.   *See* 28 U.S.C. § 2255(f) (Section 2255 claims may be filed within one year after the criminal conviction becomes final).

     *B.   Mootness Under Section 2241*

     Section 2241 provides a remedy when a petitioner is "in custody in violation of the Constitution or laws … of the United States."   28 U.S.C. § 2241(c)(3).   A released petitioner can only prevail where a wrongful conviction or detention has "continuing collateral consequences" sufficient to meet the in-custody requirement.   *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).   *See Dumas v. U.S. Parole Comm'n,* 397 Fed. App'x 492, 493 (10th Cir. 2010) (applying *Spencer's* mootness inquiry to Section 2241 petitions).   Said differently, a § 2241 "case becomes moot when a plaintiff no longer suffers a *redressable* injury."   *United States v. Fields*, 823 Fed. App'x 587, 589 (10th Cir. 2020) (emphasis added).   Unless the habeas claims challenge an underlying criminal conviction, the Court presumes no collateral consequences exist following a release from jail.   *See United States v. Meyers*, 200 F.3d 715, 719 (10th Cir. 2000).   The "[petitioner] bears the burden of demonstrating the existence of actual collateral consequences" stemming from the

4

detention.   *United States v. Meyers*, 200 F.3d 715, 719 (10th Cir. 2000).

The show-cause responses identify numerous collateral consequences.   Petitioner suffered injuries while incarcerated; his pending immigration applications are prejudiced by the removal; and he is in danger in Mexico.   (Doc. 10) at 1-5.   Accepting these facts as true, Petitioner has not established a *redressable* injury under Section 2241.   The Court cannot "modify [Petitioner's detention] now that it has been completed" or otherwise fashion a habeas remedy under § 2241. *Rhodes v. Judiscak*, 676 F.3d 931, 935 (10th Cir. 2012) (addressing mootness under Section 2241). "[T]he best this [C]ourt could do" under Section 2241 "would be to declare that he spent longer in [LCDC] than he should have," which is an improper use of the writ.   *Id.   See also Cohen Ma v. Hunt*, 372 Fed. App'x 850, 852 (10th Cir. 2010) (release from ICE custody mooted Section 2241 claims); *Riley v. I.N.S.*, 310 F.3d 1253, 1258 (10th Cir. 2002) (habeas challenge to ICE detention rendered moot by release).   Accordingly, Petitioner's Section 2241 claims are moot.

C.   *Challenge to the Removal Order*

As noted above, Petitioner's filings are primarily directed at immigration relief.   He states he filed this federal action after the Otero Immigration Court and the El Paso Immigration Appeals Court denied his applications for a U Visa.   (Doc. 10) at 3.   In his most recent prayer for relief, Petitioner also asks this Court to vacate the removal order; grant the U Visa application; and allow him to reenter the United States.   *Id.* at 5-6.

It is well settled that District Courts lacks jurisdiction to review removal orders, hear challenges to removal orders, or stay removal orders.   *See Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (District courts can hear alien detainee's challenge to detention under Section 2241, but they "lack[] jurisdiction to consider [a] petition insofar as it challenged the … order of

removal); *Valdovinos-Blanco v. Holder*, 557 Fed. App'x 793, 794 (10th Cir. 2014) (district courts cannot intervene an "alien's ongoing deportation proceedings"); *Vaupel v. Ortiz*, 244 Fed. App'x 892, 895 (10th Cir. 2007) (District courts may not determine whether expedited removal statute was lawfully applied).   The "avenue for direct review of final orders of removal [is] through petitions for review in courts of appeals.   Indeed, petitions for review filed with the court of appeals are the sole and exclusive means of review of most administrative orders of removal." *Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1017 (10th Cir. 2007).

Consistent with this authority, this Court lacks jurisdiction to vacate Petitioner's removal order or grant a visa to reenter the United States.   The Court will dismiss any claims regarding his immigration status without prejudice.   The Court will dismiss any Section 2241 claims challenging Petitioner's detention without prejudice, and as moot.   As noted above, such dismissal does not prohibit Petitioner from filing a separate Section 2255 proceeding.

D. *Next Friend Filings*

The Court will finally address Mr. Garcia's filings on behalf of Petitioner as his purported Next Friend.   Under certain limited circumstances, "next friends" may prosecute a habeas proceeding "on behalf of detained prisoners who are unable … to seek relief themselves." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990).   *See also* Advisory Committee Note to Habeas Corpus Rule 2©(5) ("The Committee envisions that the courts would apply [the] … 'next friend' standing analysis [set forth in *Whitmore*] in deciding whether the signer was actually authorized to sign the motion on behalf of the movant.").   The petition "must set forth some … explanation for the necessity of resorting to the use of a 'next friend'" such as "inaccessibility, mental incompetence or other disability." *Williams v. Boone,* 166 F.3d 1223, *5 (10th Cir. 1999)

6

Case 1:20-cv-01102-KG-GJF   Document 13   Filed 03/26/21   Page 7 of 8

(unpublished) (quoting *Whitmore*).   If the next friend fails to adequately demonstrate why the prisoner is unable sign and verify the petition, the Court need not consider it.   *Id.* (citations omitted).

The Court has so far been lenient on the Next Friend filings because Petitioner was detained, and there may be a language barrier.   However, Petitioner was released months ago. The two men now reside in separate countries.   Last month, the Ninth Circuit Court of Appeals entered an order striking Mr. Garcia's filings on behalf of Petitioner.   (Order entered February 16, 2021) in No. 20-55929.   This Court agrees that allowing Mr. Garcia to file further submissions on behalf of Petitioner would run afoul of rules barring non-attorney representation.   As the Tenth Circuit explained: "A litigant may bring his own claims to federal court without counsel, but not the claims of others."   *Amaro v. Att'y Gen. for New Mexico*, 781 Fed. App'x 693, 695 (10th Cir. 2019) (quoting *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)). "This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others."   *Id.* (quotations omitted).   Going forward, Petitioner must file his own *pro se* submissions or retain an attorney to file on his behalf.   The Court will strike any filings submitted by Mr. Garcia on behalf of Petitioner.

IT IS ORDERED:

1.   Petitioner's Motion For Injunctive/Emergency Relief (Doc. 1) and Motion To Set Aside Removal Order And Request For Release (Doc. 2) are dismissed without prejudice.

2.   The Court will enter a separate judgment closing this case.

3.   Going forward, Petitioner must file his own *pro se* submissions or retain an attorney. The Court will strike any filings submitted by Mr. Garcia on behalf of Petitioner.

7

4.   The Clerk's Office shall mail Petitioner a copy of this Memorandum Opinion and Order; a copy of the Judgment entered herewith; and a form 28 U.S.C. § 2255 motion.


_____
UNITED STATES DISTRICT JUDGE